# EXHIBIT A

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
01/17/2024 at 04:50:25 PM
By: Damaree Franklin,
Deputy Clerk

Brandon Miller, SBN 288082
Phillip Alexander, SBN 235216
Harris Personal Injury Lawyers, Inc.
409 13th Street, 17th Floor
Oakland, CA 94612
Email: Brandon@harrispersonalinjury.com
Telephone: (415) 646-9616
Fax: (415) 646-1342

*Attorneys for Plaintiff*
FRANCES YEE

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| FRANCES YEE, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>REVANTAGE CORPORATE SERVICES, LLC, a Delaware corporation doing business in the State of California; HOME DEPOT U.S.A., INC., a Delaware corporation doing business in the State of California; and DOES 1 through 50, Inclusive.<br><br>Defendants. | CASE NO.: 24CV060378<br><br>**COMPLAINT FOR DAMAGES**<br><br>Negligence<br>Premises Liability |

Plaintiff FRANCES YEE ("Plaintiff") alleges as follows:

**THE PARTIES**

1. Plaintiff FRANCES YEE was and is an individual residing in the San Leandro, County of ALAMEDA, in the State of California.

2. Defendant Revantage Corporate Services, LLC is a Delaware corporation doing business in the State of California. ("REVANTAGE").

3. Defendant HOME DEPOT U.S.A. INC. is a Delaware corporation doing business in the State of California ("HOME DEPOT").

4. Plaintiff is unaware of the true names and capacities of Defendants Does 1 through 50 inclusive, and therefore sues them by fictitious names. Plaintiff will amend this Complaint to show the true names and capacities of these Defendants once they are ascertained. Plaintiff is informed and believes and thereon alleges that each of these Defendants are responsible in some manner for the wrongful acts alleged in this Complaint and proximately caused Plaintiff's damages.

5. It is understood and believed that Defendants owned, leased, maintained, operated, controlled, repaired, supervised, inspected, cleaned, managed and/or occupied the real property upon which Plaintiff's injuries occurred on the date of the incident.

6. Plaintiff is informed and believes, and thereon alleges, that at all times material hereto and mentioned herein, each Defendant sued herein was the agent, servant, employer, joint venturer, partner, owner, subsidiary, alias, and/or alter ego of each of the remaining Defendants and was, at all times, acting within the purpose and scope of such employment, agency, servitude, ownership, subsidiary, alias and/or alter ego and with the authority, consent, approval, control, influence and ratification of each of the remaining Defendants sued herein.

7. Plaintiff is informed and believes and thereon alleges that DOES 1 through 50, inclusive, include, but are not necessarily limited to, the employees, agents, persons, subsidiaries, representatives, affiliates, partners, distributors, vendors, and/or agents, who are each under the direct control of Defendants.

8. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, the PREMISES where the subject accident occurred are located within the judicial district of the above-entitled court. The premises where the subject accident occurred, were in the exclusive care and custody of Defendants.

9. Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned each Defendant was the agent and employee of each of the remaining Defendants, and in doing the things hereinafter alleged, were acting within the scope of such agency and employment.

///

**VENUE**

10. At all times herein mentioned, the incident on which this action is based occurred within the boundaries of the Superior Court of the State of California, County of San Leandro. Said incident at or near the Home Depot located on 1993 Davis Street San Leandro, California, 94577.

**GENERAL ALLEGATIONS**

11. Plaintiff hereby incorporates by reference the preceding paragraphs as though fully set forth herein.

12. On November 01, 2022, Defendants and their agents and/or employees owned, leased, operated, controlled and/or maintained, repaired, supervised, managed, and/or occupied the public pavement ("THE PREMISES") located at or near Home Depot located on 1993 Davis Street San Leandro, California, 94577.

13. On November 01, 2022, the PREMISES of Defendant was an uneven concrete surface, which created a dangerous and unsafe condition.

14. On November 01, 2022, Plaintiff was walking when she tripped and fell on an uneven surface causing her serious bodily injury and harm.

15. On or about November 01, 2022, at the PREMISES, Defendants carelessly and/or negligently used, controlled, inspected, maintained, and/or cleaned the PREMISES where Plaintiff was injured, so as to permit uneven surface which was accessible to the public. This created a dangerous and unsafe condition that caused Plaintiff to be injured.

16. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, the PREMISES is located within the judicial district of the above-entitled court. The PREMISES where the subject accident occurred was in the exclusive care and custody of Defendants.

///

///

///

///

**FIRST CAUSE OF ACTION**

**NEGLIGENCE**

*(As to All Defendants)*

17. Plaintiff hereby repeats and re-alleges each and every allegation above, inclusive, and incorporates the same herein by reference as though fully set forth at length.

18. On or about November 1, 2022, at the Home Depot, in the City of San Leandro, California, Defendants carelessly and negligently used, controlled, inspected, maintained, and/or cleaned the PREMISES where Plaintiff was injured, so as to permit an uneven pavement. This created a dangerous and unsafe condition that caused Plaintiff to be injured.

19. At all times herein mentioned, Defendants, did so own, maintain, lease, operate, control, inspect, repair, service, clean, supervise, manage and/or occupy the PREMISES.

20. Defendants, in owning, maintaining, leasing, operating, controlling, inspecting, repairing, servicing, cleaning, supervising, managing and/or occupying the PREMISES owed a duty to Plaintiff.

21. Defendants, in owning, maintaining, leasing, operating, controlling, inspecting, repairing, servicing, cleaning, supervising, managing and/or occupying the PREMISES failed to use reasonable care to keep the PREMISES in a reasonably safe condition.

22. Defendants, in owning, maintaining, leasing, operating, controlling, inspecting, repairing, servicing, cleaning, supervising, managing and/or occupying the PREMISES failed to use reasonable care to discover any unsafe conditions and to repair, replace, or give adequate warning of anything that could be reasonably expected to harm Plaintiff.

23. Defendants, in owning, maintaining, leasing, operating, controlling, inspecting, repairing, servicing, cleaning, supervising, managing and/or occupying the PREMISES created an unreasonable risk of harm to Plaintiff.

24. Defendants, in owning, maintaining, leasing, operating, controlling, inspecting, repairing, servicing, cleaning, supervising, managing and/or occupying the PREMISES knew or should have known about the unreasonable risk of harm created by the uneven surface on the pavement.

25. Defendants, in owning, maintaining, leasing, operating, controlling, inspecting, repairing, servicing, cleaning, supervising, managing and/or occupying the PREMISES failed to take reasonable precautions to protect Plaintiff against the risk of the unreasonable harm, which is responsible for the injury caused by the dangerous and unsafe condition.

26. Defendants, in owning, maintaining, leasing, operating, controlling, inspecting, repairing, servicing, cleaning, supervising, managing and/or occupying the PREMISES created an unreasonable risk of harm including a dangerous and unsafe condition, which was the actual and proximate cause of the injuries Plaintiff sustained.

27. Defendants, in owning, maintaining, leasing, operating, controlling, inspecting, repairing, servicing, cleaning, supervising, managing and/or occupying the PREMISES owed a duty of reasonable care in providing safe and hazard-free premises and protecting persons walking to Home Depot against unreasonable conditions.

28. Despite such duties owed by Defendants, including but not limited to those duties owed to Plaintiff, Defendants breached said duties by, amongst other things: (1) failing to properly maintain the PREMISES; (2) failing to repair on the PREMISES as referenced herein; (3) failing to warn Plaintiff of the hazardous conditions by using warning signs or other demarcation; (4) failing to keep the area inaccessible to the public; (5) failing to properly inspect the PREMISES; and (6) Defendants created the dangerous condition which caused Plaintiff's injuries. As such, Defendants maintained the PREMISES in such a manner so as to create, cause, allow, contribute to, or assist in the creation of a dangerous condition in the PREMISES, and each of them, to have actual and/or constructive notice of such condition, and/or to warn Plaintiff of the existence of such conditions, which Defendants, and all of them, negligently and carelessly failed to do.

29. Further, Defendants failed to exercise ordinary care in the maintenance of the PREMISES by failing to set out warning signs, marking delineators and/or any warning to Plaintiff that the condition of the PREMISES failed to meet the minimum standards of safety as set forth in the appropriate building codes, safety codes, and industry standards.

30. At the time of Plaintiff's fall, Defendants knew or should have known that the PREMISES was no longer safe and constituted a dangerous condition with an unreasonable risk

of harm presented to the persons walking on the PREMISES. Further, the Defendants knew or should have known that the persons walking through the PREMISES would be unaware of the dangerous condition presented by the uneven pavement. Defendants negligently failed to take steps to either make the condition safe or warn the Plaintiff and others of the dangerous condition, all of which caused Plaintiff to slip and fall in the pooling clear liquid and suffer the injuries and damages herein described.

31. By virtue of their status as owners, maintainers, lessors, operators, controllers, inspectors, repairers, servicers, cleaners, supervisors, managers and/or occupiers of the PREMISES, Defendants are responsible for the dangerous and defective conditions that existed upon the PREMISES, including but not limited to, failing to repair uneven surface, failing to properly inspect the subject premises, and failing to install proper safeguards to prevent incidents similar to the incident which caused Plaintiff's injuries.

32. As a proximate result of the negligence of the Defendants, and each of them, Plaintiff was hurt and injured in her health, strength, and activity, sustaining injury to her body, and shock and injury to her nervous system and person, all of which said injuries have caused, and continue to cause Plaintiff great mental, physical, and emotional distress and nervous pain and suffering. Plaintiff is informed and believes and thereon alleges, that said injuries will result in some impairment to said Plaintiff, all in addition to her general damages in an amount to be proven at trial.

33. As a proximate result of the negligence of the Defendants, and each of them, Plaintiff has incurred and will continue to incur medical and related expenses, in an amount that is unknown at this time but which will be proven at the time of trial.

34. As a further proximate result of the negligence of the Defendants, and each of them, Plaintiff has suffered and will continue to suffer general damages in an amount presently unknown but which will be proven at the time of trial.

35. As a further proximate result of the negligence of the Defendants, and each of them, Plaintiff has suffered and will continue to suffer economic damages and loss of earnings in an amount presently unknown but which will be proven at the time of trial.

36. As a further proximate result of the negligence of the Defendants, and each of them, Plaintiff has suffered and will continue to suffer, a loss of earning capacity in an amount presently unknown but which will be proven at the time of trial.

**SECOND CAUSE OF ACTION**

**PREMISES LIABILITY**

*(As to All Defendants)*

39. Plaintiff hereby incorporates by reference all above paragraphs as though fully set forth herein.

40. At all times relevant hereto, the PREMISES was owned, operated, leased, rented, secured, built, constructed, developed, designed, maintained, inspected, repaired, managed, serviced, cleaned, or otherwise controlled by said Defendants, and each of them.

41. Defendants, and each of them, negligently and carelessly owned, operated, leased, rented, secured, built, constructed, developed, designed, maintained, inspected, repaired, managed, serviced, cleaned, or otherwise controlled the PREMISES.

42. Defendants, and each of them, wantonly, recklessly, negligently and carelessly owned, operated, leased, rented, secured, built, constructed, developed, designed, maintained, inspected, repaired, managed, serviced, cleaned, or otherwise controlled the PREMISES by, among other things, failing to conduct necessary inspections, maintenance, and cleaning of the PREMISES to ensure that it was free of dangerous and unsafe conditions that could foreseeable injure Plaintiff.

43. At all times relevant hereto, the PREMISES contained dangerous and unsafe conditions of which Defendants, and each of them, had actual and/or constructive notice.

44. The PREMISES was in a dangerous and unsafe condition due to the negligent discharge of mandatory and nondelegable duties of ownership, leasing, renting, marketing, controlling, securing, operation, building, constructing, engineering, developing, designing, maintaining, managing, inspecting, cleaning and/or repairing of the PREMISES, by said Defendants, which was a substantial factor in causing Plaintiff's injuries

45. It was reasonably foreseeable that as a result of the negligent and careless ownership, leasing, renting, marketing, controlling, securing, operation, building, constructing, engineering, developing, designing, maintaining, managing, inspecting, cleaning, and/or repairing of the PREMISES that the life-threatening and dangerous conditions would occur at the PREMISES.

46. As a direct and proximate result of said dangerous and unsafe conditions of the PREMISE, Plaintiff sustained great mental, physical, and emotional distress and nervous pain and suffering. Plaintiff has suffered and will continue to suffer general damages in an amount presently unknown, but which will be proven at the time of trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, as follows:

1. General damages to Plaintiff, according to proof;
2. Economic damages to Plaintiff, according to proof,
3. Medical and related expenses of Plaintiff, according to proof;
4. Plaintiff's loss of earnings, according to proof,
5. Loss of earning capacity of Plaintiff, according to proof;
6. Costs of suit herein;
7. Prejudgment interest;
8. Such other further relief as the Court deems just and proper.

DATED: January 17, 2024

Harris Personal Injury Lawyers, Inc.

By: ____________________

Brandon Miller
Attorney for Plaintiff